**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | | |
|---|---|---|
| **CINDY KERSEY,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Civil Action No. 1:09-CV-0161-C | |
| § | ECF | |
| § | | |
| **MICHAEL J. ASTRUE,** § | | |
| **Commissioner of Social Security,** § | | |
| § | | |
| Defendant. § | Assigned to U.S. Magistrate Judge | |

## MEMORANDUM ORDER AND OPINION

**THIS CASE** is before the court upon Plaintiff's complaint filed August 28, 2009, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's application for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act. Plaintiff filed a brief in support of her complaint on December 17, 2009, and Defendant filed a brief on January 4, 2010. The parties consented to having the United States magistrate judge conduct all further proceedings in this case on September 11, 2009 (Doc. 8), and October 14, 2009 (Doc. 15). This court has considered the pleadings, the briefs, and the administrative record and finds that the Commissioner's decision should be affirmed and that Plaintiff's complaint should be dismissed with prejudice.

### I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for SSI benefits on July 19, 2007, alleging disability beginning January 1, 2002. Tr. 12, 85-91. Plaintiff's applications were denied initially and upon reconsideration. Tr. 12, 41-45, 50-53. Plaintiff filed a Request for Hearing by Administrative Law

Judge on February 28, 2008, and this case came for hearing before the Administrative Law Judge ("ALJ") on October 30, 2008. Tr. 12, 20-38. Plaintiff, represented by an attorney, testified in her own behalf. Tr. 23-36. Michael Driscoll, a vocational expert ("VE"), appeared and testified as well. Tr. 36-37. The ALJ issued a decision unfavorable to Plaintiff on January 23, 2009. Tr. 9-19.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff had not engaged in substantial gainful activity at any time since July 19, 2007, the date of the SSI application. Tr. 13, 18. Plaintiff has "severe" impairments, including a history of seizure disorder, pseudoseizures-mixture, and chronic pain syndrome related to her headaches. *Id*. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. *Id*. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 17.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 17-18.

The ALJ found that Plaintiff retained the RFC to perform the requirements of light work activity, limited to jobs that do not require working around heights, dangerous moving machinery, or open flames. Tr. 18. The VE indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work as a cashier. The ALJ, therefore, concluded that Plaintiff could perform her past relevant work as a cashier and was not disabled

within the meaning of the Social Security Act at any time through the date of his decision. Tr. 18-19.

Plaintiff submitted a Request for Review of Hearing Decision/Order on February 10, 2009. Tr. 8. After granting a 25-day extension to consider additional evidence, the Appeals Council denied Plaintiff's request and issued its opinion on June 26, 2009, indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 1-4. The ALJ's decision, therefore, became the final decision of the Commissioner.

On August 28, 2009, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 4 that Plaintiff was not disabled because she retained the ability to perform her past relevant work. Tr. 18-19.

### III. DISCUSSION

Plaintiff claims that the ALJ's determination of Plaintiff's RFC is not supported by substantial evidence because the ALJ failed to properly consider and analyze the medical evidence provided by the consultative examiner, Dr. Richard D. Trifilo, and failed to indicate the weight given to the opinions of the state agency medical consultants ("SAMCs").

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

Plaintiff takes issue with the ALJ's indication that he had considered the opinion of Dr. Trifilo, a consultative examiner, but did not give great weight to the findings and impressions from his examination. The ALJ noted that Plaintiff underwent a consultative physical examination on September 26, 2007. Tr. 14. The ALJ noted Plaintiff's subjective reports of periods of "absence-type" seizures and Dr. Trifilo's observation of approximately eight episodes of "absence," lasting

15 to 30 seconds during his examination. The ALJ noted that Dr. Trifilo indicated that Plaintiff was unable to perform work activities because of her uncontrolled seizures. Tr. 15.

Plaintiff notes that the ALJ did not accept this statement or opinion by Dr. Trifilo but noted his finding that Plaintiff's reports of pain were not corroborated. Dr. Trifilo specifically indicated in his report that the history obtained from Plaintiff was of uncertain reliability and that she was a poor historian, frequently interrupted by absence seizures. Tr. 287. He reported approximately eight "frequent staring episodes," wherein Plaintiff was arousable to light touch, with brief confusion upon arousal. *Id.* Dr. Trifilo opined that based on objective evidence upon examination, Plaintiff was unable to perform work activities, such as sit, stand, move about, hear, and speak, because of her uncontrolled seizures. Tr. 289.

To the extent that Dr. Trifilo opined that Plaintiff could not work, such determination was entitled to no special significance. "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'" *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (citing 20 C.F.R. § 404.1527(e)(1)).

In his opinion the ALJ noted that Dr. Robert C. Matthews indicated that Plaintiff's "seizures" were atypical and undefined. Tr. 15. The ALJ noted Plaintiff's reports of her "seizures" being related to anxiety. Tr. 17. The ALJ noted that the medical record indicated noncompliance with seizure medications. *Id.*

The ALJ noted that Plaintiff appeared to have some kind of "event," during the hearing, which appeared contrived. *Id.* The ALJ reiterated Plaintiff's treatment with pain medications, her noncompliance in her use of pain medications such as attempting to refill prescriptions early and failure to disclose to her physicians the amount of medications she was taking, as well as a drug

screening indicating use of amphetamines and methamphetamines. *Id*. The ALJ found that Plaintiff's allegations of disability due to her seizure disorder were not completely credible. *Id*. The ALJ also found that neither the objective medical evidence nor the testimony of the Plaintiff established that she was so impaired as to be unable to work at any exertional level with no working around heights, dangerously moving machinery, and open flames. *Id*.

The ALJ thus set forth his reasons for discounting Dr. Trifilo's opinion that Plaintiff was unable to perform work activity. The record demonstrates that the ALJ did not ignore Dr. Trifilo's opinion. Rather, the ALJ appropriately indicated that he was not giving aspects of Dr. Trifilo's opinion great weight and recited the objective and other medical evidence, as well as his credibility determination, both of which support this determination.

Plaintiff also argues that the ALJ erred by giving greater weight to the opinion of the SAMCs than the opinion of Dr. Trifilo.

Pursuant to SSR 96-6p, the findings of fact made by SAMCs regarding the nature and severity of an individual's impairment "must be treated as expert opinion evidence of nonexamining sources" by the ALJ. The ALJ is "not bound by findings made by state agency or other program physicians and psychologists, but [he] may not ignore these opinions and must explain the weight given to the opinions in their decisions." *Id*. However, the opinions of SAMCs "can be given weight only insofar as they are supported by evidence in the case record." *Id*.

In his opinion the ALJ noted that he had reviewed the opinions of the SAMCs, who suggested that Plaintiff was capable of light work activity limited by seizure precautions. Tr. 16. The ALJ found that such findings were fairly consistent with the medical evidence. The ALJ also noted Plaintiffs reports of her own activities, her subjective complaints, and his credibility determination, and, as noted above, discussed the medical evidence of record. The ALJ set forth a

reasonable basis for weighing the opinions of Dr. Trifilo and the SAMCs and the degree of consistency between such opinions and the evidence of record.

Even though the opinion and diagnosis of a treating physician should be afforded considerable weight in determining disability, the ALJ has the sole responsibility for determining a claimant's disability status and is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. Tex. 1995) (internal citations and quotation omitted). "The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) (citing *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). The task of weighing the evidence is the province of the ALJ. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The relative weight to be given these pieces of evidence is within the ALJ's discretion. *Id.*

The court finds that the ALJ did not err in evaluating Dr. Trifilo's opinion or the opinions of the SAMCs, or in indicating the weight given to such opinions. His RFC determination, his finding that Plaintiff could perform her past relevant work, and his opinion is supported by substantial evidence in the record.

### IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court finds that the Commissioner's decision should be affirmed and that the Plaintiff's complaint should be dismissed with prejudice.

A judgment in favor of the Defendant shall be entered in accordance therein.

DATED this 30th day of September, 2010.

_____
**PHILIP R. LANE**
**UNITED STATES MAGISTRATE JUDGE**